**UNITED STATES of America,
Appellee,**

v.

**Henry LOPEZ, Melvin Martinez,
Defendants–Appellants.**

Nos. 06–1579–cr (L), 06–2268–cr (CON).

United States Court of Appeals,
Second Circuit.

June 19, 2008.

Marshall A. Mintz, Mintz & Oppenheim LLP, New York, NY, for defendant-appellant Melvin Martinez.

Mary Anne Wirth, Bleakley Platt & Schmidt, White Plains, NY, for defendant-appellant Henry Lopez.

Daniel A. Braun, Assistant United States Attorney (Michael J. Garcia, United States Attorney, on the brief, W.S. Wilson Leung, Assistant United States Attorney, of counsel), United States Attorney's Office for the Southern District of New York, NY, for the United States.

PRESENT: JOSÉ A. CABRANES, RICHARD C. WESLEY, J. CLIFFORD WALLACE,* Circuit Judges.

## SUMMARY ORDER

Defendants-appellants Henry Lopez and Melvin Martinez pleaded guilty, without plea agreements, to violating 21 U.S.C. §§ 812 and 841 by conspiring to distribute and possess with intent to distribute various narcotic substances including, *inter alia,* fifty or more grams of crack. On appeal, Lopez contends that his conviction should be reversed, claiming (1) that, at his plea colloquy, the District Court failed to properly advise him "regarding the application of the sentencing guidelines" and (2) that, when sentencing him, the District Court erroneously failed to consider his arguments about "the significant disparity between guidelines sentences for crack and powder cocaine." Lopez Br. 1, 25–26. Martinez challenges his sentence only, contending that the District Court failed to (1) make factual findings "to support the sentence it imposed" and (2) failed to identify the applicable Guidelines range. Martinez Br. 7, 15–16.

■ In considering Martinez's claims, we note that: (1) both parties submitted detailed pre-sentence memoranda setting forth their positions on the application of the Guidelines to the facts of Martinez's case; (2) the sentencing judge confirmed, on the record, that he had read these letters; and (3) Martinez's counsel noted that she and the Government "ha[d] no differences as far as the status of the law or as to the way the guidelines were calculated." Joint App. 37. Accordingly, in light of the fact that Martinez proceeded to sentencing on a record that was clear as to the relevant facts and applicable Guidelines range, we reject Martinez's challenge to the District Court's conduct of his sentencing proceeding. *Cf. United States v. Fernandez,* 443 F.3d 19, 30 (2d Cir.2006) (noting that "we presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors" that "no robotic incantations are required to prove the fact of consideration," and that "we will not conclude that a district judge shirked her obligation to consider the § 3553(a) factors simply because she did not discuss each one individually or did not expressly parse or address every argument relating to those factors that the defendant advanced" (internal quotation marks omitted)). We similarly conclude that Lopez's challenge to the District Court's conduct of his plea colloquy is without merit in light of record evidence that the District Court correctly explained several times that the sentencing guidelines, while "now no longer mandatory" represented a "starting point" for the District Court's consideration of an appropriate sentence. App. 30–31.

■ We do, however, find merit in defendants' arguments that their cases must be remanded to the District Court for further proceedings After the parties submitted their briefs on appeal, the United States Supreme Court decided *Kimbrough*

---

* The Honorable J. Clifford Wallace, United States Court of Appeals for the Ninth Circuit, sitting by designation.

*v. United States,* 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), and our Court decided *United States v. Regalado,* 518 F.3d 143 (2d Cir.2008). We ordered the parties to submit supplemental briefs addressing the question of how, if at all, these decisions affected defendants' claims on appeal. Defendants, in their supplemental letters, contended that, pursuant to *United States v. Fagans,* 406 F.3d 138 (2d Cir.2005), their cases must be remanded for a full resentencing in light of *Kimbrough.*[1] The Government, in its supplemental letter, proposed that "a limited remand" for the District Court to "determine whether it would have imposed a different sentence ... if it had been aware that ... [it] possessed the discretion to vary from the Sentencing Guidelines based on a determination that the ranges established for [defendants'] crack cocaine offenses are more severe than necessary to achieve the goals of sentencing." Gov't Supplementary Br 1.

In their pre-sentencing memoranda, defendants asked the District Court to take into account the disparities between the Guidelines-recommended sentences for crack and powder cocaine offenses when devising an appropriate sentence. Defendants renewed this request at their sentencing hearings—albeit, as Martinez acknowledged to the District Court—with the understanding that the District Court's ability to consider their arguments was "uncertain" under the current law of our Court. Joint App. 39; App. 93, 96.

We agree with the parties that the District Court "did not express any view regarding whether [it] possessed the discretion to vary from the Guidelines under the rationale [raised by defendants and] later approved in *Kimbrough*" and, likewise, "did not indicate whether, ... if [it] possessed such discretion, [it] would have exercised it in a manner that would have affected the sentence that [defendants] received." Gov't Supplementary Br 3, 4. Accordingly, because the District Court "understandably but erroneously" failed to consider its discretion to take account of the disparities between the Guidelines-recommended sentences for crack and powder cocaine offenses, *Fagans,* 406 F.3d at 140, and defendants preserved their objections to that error, we remand to the District Court for a full resentencing. *Cf. Id.* at 140–41 (noting that, where a defendant preserves a sentencing error through timely objection, "the procedure for applying plain-error analysis that we set forth in [*United States v. Crosby,* 397 F.3d 103 (2d Cir.2005)] is inapplicable"). Upon remand, the District Court shall take into account, *inter alia,* Amendment 706 to the U.S. Sentencing Guidelines, which reduced the base offense levels associated with offenses involving crack cocaine, *see* U.S.S.G. § 2D1.1 (c).

For the reasons stated above, the judgment of conviction is AFFIRMED and the case is REMANDED to the District Court with instructions to vacate the sentence and resentence in conformity with *Kim-*

---

1. At oral argument, counsel for defendant Lopez disclosed that her client had accumulated another conviction since his sentencing in this case, adding another three points to his U.S. Sentencing Guidelines ("U.S.S.G.") criminal history score. Counsel then requested additional time to determine whether Lopez still wished to pursue a remand for full resentencing. In a letter brief submitted to this Court on June 12, 2008, Lopez's counsel indicated that she had "researched the matter and fully consulted her client[,] [who] has advised [her] that he wishes to continue with his request for a full remand for re-sentencing under *Kimbrough* as well as a remand for re-sentencing in light of the crack guidelines." Lopez Letter Br. 2; *see also id.* (requesting a "full remand for re-sentencing under *United States v. Fagans,* 406 F.3d 138 (2d Cir.2005)").

*brough* and this opinion. The mandate shall issue forthwith.