09-3522-cr
USA v. Martinez

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect.  Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1.  When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the thirtieth day of August, two thousand and ten.

PRESENT:

    RALPH K. WINTER,
    JOSÉ A. CABRANES,
    DENNY CHIN,
          *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

       *Appellee,*

       -v.-                                     No. 09-3522-cr

MELVIN MARTINEZ,

       *Defendant-Appellant.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANT-APPELLANT:**     MARSHALL A. MINTZ, New York, NY.

**FOR APPELLEE:**     MARK D. LANPHER, Assistant United States Attorney (Preet Bharara, United States Attorney, *on the brief,* and Katherine Polk Failla, Assistant United States Attorney*, of counsel*), United States Attorney's Office for the Southern District of New York, New York, NY.

---

[*] The Clerk of Court is directed to amend the abbreviated caption to conform to the listing of the parties stated above.

1

Appeal from an August 17, 2009 judgment of the United States District Court for the Southern District of New York (Deborah A. Batts, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED.**

On February 1, 2005, a one count indictment was filed charging defendant-appellant Melvin Martinez ("defendant" or "Martinez") with conspiracy to distribute and to possess with intent to distribute: (1) 50 grams or more of mixtures and substances containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A); (2) mixtures and substances containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(C); and (3) mixtures and substances containing a detectable amount of marijuana, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(D). On May 19, 2005, Martinez appeared before Judge Richard Owen and pleaded guilty to these charges without the benefit of a plea agreement. Judge Owen sentenced Martinez principally to a term of 180 months' imprisonment, to be followed by a term of five years' supervised release. On direct appeal, we affirmed Martinez's conviction but remanded the case for plenary resentencing in light of *Kimbrough v. United States*, 552 U.S. 85 (2007). *See United States v. Lopez*, 314 Fed. Appx. 334 (2d Cir. 2008) (summary order). On remand, Martinez's case was assigned to Judge Batts, who, on August 10, 2009, resentenced Martinez principally to 180 months' imprisonment followed by five years' supervised release. Martinez filed a timely appeal. We assume the parties' familiarity with the remaining factual and procedural history of the case.

(i)

On appeal, Martinez argues that the District Court's failure to authorize more than 15 hours of investigative services by a "mitigation specialist" prior to sentencing was an abuse of discretion. The relevant provision of the Criminal Justice Act, 18 U.S.C. § 3006A(e)(1), provides as follows: "Counsel for a person who is financially unable to obtain investigative, expert or other services necessary for adequate representation may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary . . . the court . . . shall authorize counsel to obtain the services." Here, defense counsel requested the services of a mitigation specialist to assist with the development of facts regarding Martinez's upbringing that might be relevant to sentencing under 18 U.S.C. § 3553(a). Specifically, defense counsel requested that this mitigation specialist be authorized to work up to 70 hours, at a rate of $100 per hour. After allowing defense counsel the opportunity to explain why his request was necessary, the District Court agreed to authorize a mitigation specialist to work up to 15 hours, at a total cost of $1500. The mitigation specialist investigated and prepared a seven-page report describing Martinez's personal background. That report was appended to defense counsel's sentencing submission.

Defense counsel subsequently requested that the District Court authorize more work by the mitigation specialist. The District Court declined to act on the request. We review this ruling, effectively denying the relief requested, for abuse of discretion. *See United States v. Sanchez*, 912 F.2d 18, 21-23 (2d Cir. 1990) (applying the "abuse of discretion" standard to a motion under Section 3006A); *see generally Sims v. Blot*, 534 F.3d 117, 131-32 (2d Cir. 2008) (stating that a district court abuses its discretion if it "'base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence,' or render[s] a decision that 'cannot be located within the range of permissible decisions'")

(quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990); *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 169 (2d Cir. 2001)). We find that the District Court did not abuse its discretion by declining the request for additional services by a mitigation specialist. The 15 hours previously authorized—in combination with Martinez's sentencing submission and Martinez's own opportunity to speak at sentencing—were more than adequate to allow Martinez to put relevant characteristics about his background and upbringing before the Court.

(ii)

Second, Martinez argues that his sentence was both procedurally and substantively unreasonable. We review the reasonableness of a district court's sentencing determinations under a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). A district court commits procedural error when it "fails to calculate the Guidelines range (unless omission of the calculation is justified), makes a mistake in its Guidelines calculation, [ ] treats the Guidelines as mandatory[,] . . . does not consider the § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact. Moreover, [it] errs if it fails adequately to explain its chosen sentence . . . ." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). Here, there was no procedural error. The District Court properly calculated the Guidelines range, considered the 3553(a) factors, and reviewed the arguments of the parties. It then gave Martinez a sentence of 180 months' imprisonment—55 months below the bottom of the applicable range—based on those considerations.

Martinez claims that the Court failed adequately to consider the § 3553(a) factors. To the contrary, the Court explained that its non-Guidelines sentence was warranted by the factors in § 3553(a), which, *inter alia*, permitted it to consider the April 29, 2009 Department of Justice policy statement recommending a complete elimination of the sentencing disparity between crack cocaine and powder cocaine. Martinez also argues that § 3553(a)(6), in particular, was inadequately considered because the District Court reimposed the same sentence on Martinez on remand, while it lowered the sentence for one of his co-defendants. Of course, the District Court was free to weigh the § 3553(a) factors according to the individual circumstances of each defendant, and free also to weigh those factors differently than Judge Owen had done previously. Moreover, we "presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors." *United States v. Fernandez*, 443 F.3d 19, 30 (2d Cir. 2006). On the record before us, there is no basis to conclude that Martinez's sentence was procedurally unreasonable.

We may consider the substantive reasonableness of a sentence at the same time as we review the sentence for procedural reasonableness. *See, e.g., United States v. Dorvee*, 2010 WL 3023799, at *7 (2d Cir. 2010); *United States v. Cavera*, 550 F.3d 180, 194-97 (2d Cir. 2008) (en banc). The sentence here was not substantively unreasonable. In assessing substantive reasonableness, the Court employs an abuse of discretion standard. *Cavera*, 550 F.3d at 190. A district court's substantive determination should be set aside only in exceptional cases where the trial court's decision "cannot be located within the range of permissible decisions." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009) (comparing substantive unreasonableness to the "manifest injustice" and "shocks-the-conscience" standards employed in other contexts). Martinez claims that his sentence does not sufficiently reflect the mitigating circumstances present in his case, such as his attempts at cooperation before the initial sentencing. We reject the contention that the District Court, which imposed a sentence more than 4.5 years below the Guidelines

range, failed to depart from the Guidelines range *enough* to produce a substantively reasonable outcome in this case.

(iii)

Finally, we decline to reverse the judgment based on the District Court's alleged failure to comply with the requirements of 18 U.S.C. § 3553(c)(2), which provides that a district court imposing a sentence outside of the applicable Guidelines range must state its reasons "with specificity in the written order of judgment and commitment." Here, the District Court did complete a written Statement of Reasons ("Statement"), dated August 14, 2009, thoroughly explaining its decision to sentence Martinez to a term of imprisonment below the Guidelines range. Upon receipt of defendant's brief and its notation that the defendant was unable to procure the Statement, the government promptly contacted the District Court. The District Court, in turn, released to both the government and the defendant a copy of its Statement of Reasons, which the government also submitted, under seal, to the Clerk's Office on May 26, 2010.

Whatever the basis for this clerical error, we need not decide whether such a mistake violates Section 3553(c)(2). In this case, the defendant was not prejudiced. First, the District Court elaborated on its reasons for the sentence at length and in open court on the day of the sentencing, fully explaining the basis for its departure from the Guidelines range. This adequately informed the defendant of the basis for the sentence, allowing him to "effectively [ ] pursue an appeal asserting that the sentence [wa]s unreasonable." *United States v. Lewis*, 424 F.3d 239, 247 (2d Cir. 2005). Second, Martinez concedes that he received the Statement of Reasons prior to submitting his reply brief. But the reply brief does not suggest that the contents of the Statement would have provided him with a basis for relief. Thus, we hold that Martinez was not prejudiced by the fact that he did not receive the Statement of Reasons upon his initial request.

**<u>CONCLUSION</u>**

We have considered each of Martinez's arguments on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the judgment of the District Court.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court

4